**Cainey ROBERTS, Jr., Petitioner–Appellant,**

v.

**Charles RAY, Warden; The Attorney General of the State of Oklahoma, Respondents–Appellees.**

No. 00–7117.

United States Court of Appeals, Tenth Circuit.

Feb. 21, 2002.

Before SEYMOUR, Circuit Judge, BRORBY, Senior Circuit Judge, and LUCERO, Circuit Judge.

ORDER AND JUDGMENT *

BRORBY, Circuit Judge.

Mr. Cainey Roberts, Jr. appeals the district court's denial of his federal petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Mr. Roberts claims he is entitled to habeas relief because the Oklahoma

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Court of Criminal Appeals violated *ex post facto* principles when it applied *Parker v. State*[1] to his direct appeal. Mr. Roberts argues *Parker* was an unexpected and unforeseeable new rule of law and the application of *Parker* in his direct appeal[2] denied him due process of law.

Mr. Roberts acknowledges his argument hinges on whether this court determines *Parker* was unforeseeable. This court recently held the result in *Parker* was foreseeable. *Sallahdin v. Gibson*, 275 F.3d 1211, 1228 (10th Cir.2002).[3] Mr. Roberts' arguments are substantially the same as those we considered and rejected in *Sallahdin*. *See id.* at 1227–28. Therefore, the district court's denial of the petition for a writ of habeas corpus is AFFIRMED.

1. *Parker v. State*, 917 P.2d 980, 985–86 (Okla. Crim.App.1996) (defective criminal information raises due process concerns, but is not fatal to jurisdiction), *cert. denied*, 519 U.S. 1096, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997), overruled *Miller v. State*, 827 P.2d 875, 879 (Okla.Crim.App.1992) (criminal information must specifically allege each element of the crime to confer jurisdiction on the trial court).

2. Contrary to the contentions in Mr. Roberts' brief, the state appellate court did not apply *Parker* in his direct appeal. *Roberts v. State*, No. F–93–482, slip op. at 3–4 (Okla.Crim.App. May 1, 1996) (unpublished opinion). Rather, the court relied on an unpublished opinion, *Masquat v. State*, No. F–93–1369 (Okla.Crim. App. July 26, 1996). *Masquat* held "[t]he term 'premeditated design' ... was sufficient in this Information to set forth the element of malice aforethought." *Id.* at 4. Obviously, the result in *Masquat* does not bode well for Mr. Roberts and may explain his decision to submit an *ex post facto* argument to this court. Nevertheless, we acknowledge Mr. Roberts' reliance on *Parker* in his *ex post facto* argument before this court and dispose of his claim accordingly.

3. *Sallahdin* was decided after we heard oral argument in this case.